United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 23, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20650
Summary Calendar

DOUGLAS CEBRYK,

Plaintiff-Appellant,

versus

VECO CORPORATION

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas, Houston Division
No. H-03-1926
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges

PER CURIAM:[*]

Plaintiff-Appellant Douglas Cebryk appeals the district court's grant of Defendant-Appellee VECO Corporation's motion for summary judgment. Cebryk's complaint alleged that VECO tortiously interfered with his relationship with his employer, Parsons Engineering & Chemicals. We AFFIRM the judgment of the district court.

A district court's grant of summary judgment is reviewed de novo, using the same standards as the district court. *Union Pac.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Res. Group, Inc. v. Rhone-Poulenc, Inc.*, 247 F.3d 574, 583 (5th Cir. 2001). A movant is entitled to summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

To recover for the allegedly tortious interference with his employment relationship, Cebryk had to plead and prove: (1) an employment contract or relationship subject to interference, (2) willful and intentional interference, (3) that proximately caused his injuries and (4) actual damage or loss. *Prudential Insurance Company of America v. Financial Review Services, Inc.*, 29 S.W. 74, 77 (Tex. 2000). For essentially the reasons given by the district court, we conclude that Cebryk has not submitted evidence sufficient to establish a genuine issue of material fact on the elements of intentionality or proximate causation.[1] Alternatively, we agree with the district court that VECO has demonstrated that it is entitled to summary judgment on its affirmative defense of legal justification.

The judgment of the district court is AFFIRMED.

---

[1] The plaintiff attached certain materials to his notice of appeal. Our review, however, is limited to the summary judgment record. *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1071, n.1 (5th Cir. 1994) (en banc).